IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Dyrell Muhammad, ) | |
| ) | Civil Action No. 0:17-cv-02639-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Gio Ramirez and Nanada Middleton, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Dyrell Muhammad, a prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to a magistrate judge for pretrial handling. Defendants Gio Ramirez and Nanada Middleton filed a motion for summary judgment. (ECF No. 93). Plaintiff filed a response in opposition. (ECF No. 116). On September 30, 2019, Magistrate Judge Paige J. Gossett issued a Report and Recommendation ("Report") recommending the Defendants' motion for summary judgment be granted. (ECF No. 120). The parties were advised of their right to file objections to the Report. (ECF No. 120-1). Plaintiff timely filed objections to the Report. (ECF No. 122). This matter is now ripe for review.

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and

conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).

Since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, this does not mean that the court can ignore the Plaintiff's failure to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although Plaintiff filed objections to the Report, none of his objections specifically challenge any of the findings or conclusions in the Report. *See* (ECF No. 122). The objections are non-specific, unrelated to the dispositive portions of the Report, or merely restate Plaintiff's claims. However, liberally construing the objections, Plaintiff asserts the magistrate judge was incorrect in finding that, in his response to the motion for summary judgment, Plaintiff attempted to assert a new claim for retaliation against Defendant Middleton. (ECF No. 122 at 2). A review of the portion of the Complaint referenced by Plaintiff in his objection reflects no such retaliation claim. (ECF No. 1 at 6). Therefore, as noted by the magistrate judge (ECF No. 120 at 10 n.5), such claim is not properly before the court. *See*, *e.g.*, *Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 400 (6th Cir. 2007) (holding that a party may not expand its claims to assert new theories in response to summary judgment); *White v. Roche Biomed. Labs., Inc.*, 807 F. Supp.

2

1212, 1216 (D.S.C. 1992) (noting that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment"). Accordingly, this objection is without merit.

Plaintiff also objects to the magistrate judge's determination that his Fifth Amendment due process claim must fail. (ECF No. 122 at 2). Plaintiff appears to refer to a Report and Recommendation issued by a different magistrate judge in a previous action. *See id*. Because such prior action has no bearing on the allegations in this case, and the findings of the magistrate judge in the Report do not rely upon the findings of a different magistrate judge in a prior case, this objection is also without merit.

Next, Plaintiff objects to the magistrate judge's finding that his claim pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUPIA") should be dismissed. (ECF No. 122 at 3). However, as noted by the magistrate judge, the provisions of RLUIPA which relate to institutionalized persons do not permit actions against the federal government, which is omitted from the definition of "government" set forth in 42 U.S.C. 2000cc-5(4). (ECF No. 120 at 14). Accordingly, this objection has no merit.

Plaintiff's final objection merely restates the assertions he made in his complaint relating to his claim under the Religious Freedom Restoration Act ("RFRA") and is without merit. (ECF No. 122 at 3).

Thus, having thoroughly reviewed the Report and Plaintiff's objections, the court finds no reason to deviate from the Report's recommended disposition. The court adopts the Magistrate Judge's Report (ECF No. 120) and incorporates it herein. Accordingly, Defendants' Motion for Summary Judgment (ECF No. 93) is **GRANTED**.

**IT IS SO ORDERED.**

                                                    s/Timothy M. Cain
                                                    United States District Judge

Anderson, South Carolina
January 16, 2020


**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.