IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Dryell Muhammed, | ) | Civil Action No. 0:17-02639-TMC |
|         Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Gio Ramirez and Nanada Middleton, | ) | |
|         Defendants. | ) | |

This matter is before the court pursuant to Plaintiffs' "Motion for Reconsideration" (ECF No. 129), requesting reconsideration of the Order of the court filed January 16, 2020, (ECF No. 126), adopting the magistrate judge's Report and Recommendation ("Report") (ECF No. 120), and granting summary judgment in favor of Defendants. In his motion, Plaintiff claims that his retaliation claim was properly before the court; that the court should take note of Judge Baker's Report and Recommendation at docket entry 32; and that the court should "reconsider the structure and congressional intent" of the Religious Land Use and Institutionalized Persons Act. (ECF No. 129).

As an initial matter, the court notes that Plaintiff indicated in his motion that he is seeking relief pursuant to Fed. R. Civ. P. 59. However, Rule 59 governs motions for a new trial or to alter or amend a judgment and is inapplicable here. Accordingly,

1

the court will liberally construe the motion as a motion for relief pursuant to Fed. R. Civ. P. 60(b), which provides that a court may, upon motion or upon such terms as are just, relieve a party from a final judgment, order, or proceeding for one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The court finds that none of the enumerated circumstances in Fed. R. Civ. P. 60(b)(1)-(5) apply here, and Plaintiff has failed to demonstrate extraordinary circumstances to invoke the catchall provision in Rule 60(b)(6). *See Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011). In reaching such conclusion, the court notes that Judge Baker's report and recommendation at docket entry 32, which was previously adopted by the court on September 10, 2018 (ECF No. 39), was in

reference to a motion to dismiss, and, therefore, has no bearing on the motion for summary judgment.[1] Furthermore, the court has meticulously combed through Plaintiff's Complaint and has found that even in liberally construing the Complaint, Plaintiff failed to assert a claim for retaliation based of his religious beliefs. While Plaintiff's response to the motion for summary judgment may be liberally construed to potentially assert such a claim, a plaintiff may not raise a new claim in response to a motion for summary judgment. *White v. Roche Biomedical Labs, Inc.*, 807 F. Supp. 1212, 1216 (D.S.C. 1992).

      Accordingly, the court declines to reconsider its determination that such claim was not properly before the court in this action.

Additionally, rule 60(b) does not provide relief from a final judgment "[w]here the motion is nothing more than a request that the district court change its mind." *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982). The court considers Plaintiff's request that the court "reconsider the structure and congressional intent" of the Religious Land Use and Institutionalized Persons Act to simply be a request to reconsider the application of the Act as it pertains to Plaintiff. Therefore, the court finds that rule 60(b) provides no relief for Plaintiff.

---

[1] In reviewing the entire record, it appears that Plaintiff's reliance on the order at docket entry 32 is that Judge Baker "accepted the allegations of the complaint as true," and he implores the court to do the same now. However, the court notes that Judge Baker was *required* to accept the allegations of the complaint as true for purposes of the motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Her order did not declare that the Plaintiff's allegations were in fact true, as he seems to purport.

Finally, there were no clerical mistakes, oversights, or omissions necessitating the reconsideration of the January 16 Order pursuant to Fed. R. Civ. P. 60(a). Accordingly, the court finds that Plaintiff has provided no basis under Fed. R. Civ. P. 60 or other authority for the court to reconsider its prior order, and instead improperly seeks another bite at the apple in hopes that the court will change its mind. Therefore, based on the foregoing, Plaintiff's Motion for Reconsideration (ECF No. 129) is **DENIED**.

  **IT IS SO ORDERED.**

                s/Timothy M. Cain
                United States District Judge

Anderson, South Carolina
May 5, 2020


**NOTICE OF RIGHT TO APPEAL**
 The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.